**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR CURRY,<br><br>    Plaintiff,<br><br>    v.<br><br>FPC LOMPOC MED DIRECTOR,<br>et al.,<br><br>    Defendants. | Case No. CV 16-7523 AB (SS)<br><br>**MEMORANDUM AND ORDER**<br><br>**DISMISSING COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On October 4, 2016,[1] Victor Curry ("Plaintiff"), a federal prisoner proceeding pro se, filed a complaint appearing to allege, among other claims, violations of his civil rights

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed on the date when the prisoner delivers it to prison authorities for mailing. See Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir. 2009). However, because Plaintiff did not indicate the date the Complaint was signed or include a proof of service, the Court is not able to apply the mailbox rule. (Complaint at 5). The Court will cite to the Complaint as though it were consecutively paginated.

pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. ("Complaint," Dkt. No. 3). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[2]

**II.**

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff names as defendants: (1) "FPC LOMPOC Med. Dir., Personally, DBA FPC LOMPOC medical department" ("Medical Director"); (2) "FPC LOMPOC Warden and administrator, Personally, DBA FPC LOMPOC Prison Camp" ("Warden"); (3) Kenyon Payne ("Payne"), a fellow prisoner; and (4) an unspecified "individual in Capacity/officially Jointly and Severally, together with their

---

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

unknown insurers and Risk Mgmt. Group of Affiliation." (Complaint at 6.) It is unclear whether Plaintiff sues the Medical Director and Warden in their individual or official capacities.[3]

Plaintiff alleges that Payne attacked and rendered him unconscious at an unspecified time and place at the USP Lompoc federal penitentiary. (Id. at 5). Plaintiff sustained a "broken jaw, internal bleeding, a concussion, his eye was dangling from the socket on his cheek, and he experienced bloddy [sic] stool and urine constantly for severl [sic] months thereafter." (Id.).

After the alleged attack, Plaintiff underwent surgery "for internal body and mouth bleeding," and was kept in solitary confinement "for months" while recovering. (Id.). Plaintiff claims that he was under the care of the prison Medical Director's staff, who "did next to nothing for his pain" and "rig[ged] his medical records to make the injuries seem less serious." (Id.). He also alleges that prison "staff laughed at him, taunted him, and . . . accused him of wrongdoing or getting himself beat up." (Id.).

---

[3] In the body of the Complaint, Plaintiff names "FPC LOMPOC Med. Dir., Personally, DBA FPC LOMPOC medical department," who he then describes as a "municipal corp. in nature." (Complaint at 6). In addition, in the caption to the Complaint, Plaintiff describes the "FPC LOMPOC Warden and Administrator" as "an individual in capacity/officially." (Id. at 1). Accordingly, it is unclear whether Plaintiff is attempting to sue Defendants in their official or individual capacities, or both.

3

1    Plaintiff further alleges that "the prison and its
2 administration" attempted to cover up details of the attack by
3 "disciplining" him and threatening to place him in solitary
4 confinement. (Id.). Plaintiff claims that prison staff also put
5 him in a locked cage with Payne and tried to provoke another
6 physical altercation. (Id.).

8    Plaintiff attempts to state at least four claims. (Id. at
9 6). First, Plaintiff alleges that "FPC Lompoc, or Lompoc Medical
10 Facility" was negligent in providing medical care.[4] (Id.).
11 Second, Plaintiff appears to raise a constitutional claim for a
12 violation of his civil rights due to "deliberate indifference to
13 [his] suffering and pain." (Id.). Third, Plaintiff claims that
14 an unspecified defendant violated "records laws" by falsifying
15 records "to make a one-sided vicious attack by Mr Pain [sic] . .
16 . look like a mutual fight." (Id.). Fourth, Plaintiff claims
17 that an unspecified defendant violated "medical insurance laws"
18 by failing to report his injuries to insurers. (Id.). While
19 Payne is named as a Defendant and his alleged actions are
20 described in the Complaint, Plaintiff does not make any specific
21 claims against him. Plaintiff seeks damages of one million five
22 hundred thousand dollars or "insurance policy limits," an
23 injunction ordering the prison to provide medical attention for
24 his injuries, and "all other appropriate relief." (Id. at 7).

---

[4] Plaintiff attaches evidence that he presented his tort claim to authorities at the Federal Bureau of Prisons pursuant to the FTCA. (Complaint at 9.) However, he does not affirmatively allege violations of the FTCA in the body of the Complaint.

4

## III.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants leave to amend.

**A. The Complaint Fails To Satisfy Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct."

Plaintiff's Complaint does not comply with the standards of Rule 8. In his Complaint, Plaintiff fails to clearly specify the particular claims he wishes to pursue and the facts supporting each individual claim.

In addition, Plaintiff does not identify the specific Defendants who are liable for each particular claim. While Plaintiff broadly alleges wrongdoing by the prison "administration and medical staff," he does not name the individuals who specifically caused him harm or tie particular Defendants to particular claims. It is also difficult to determine exactly how many individuals Plaintiff is attempting to sue. For example, Plaintiff lists as a Defendant an unnamed "individual in capacity/officially, jointly and severally, together with their unknown insurers and Risk Mgmt. Group of Affiliation." (Id. at 1). It is unclear who this unnamed party or parties might be, or what, specifically, Plaintiff thinks they have done.

The Complaint also violates Rule 8 to the extent that it attaches many exhibits which appear unnecessary to his allegations. Plaintiff is advised that he is not required at this stage of the litigation to submit evidence in support of the claims. The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the Complaint must be dismissed, with leave to amend.

**B.      Plaintiff Fails To State A Claim Against Defendants In Their Official Capacities**

A suit for damages against federal employees in their official capacity is functionally a suit against the United

6

States. <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985). However, a civil rights action against a federal defendant under <u>Bivens</u> may be brought only against an offending <u>individual</u> officer or officers, not the United States or its agencies. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001); <u>id.</u> at 70-71 (explaining that because the "purpose of <u>Bivens</u> is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the <u>Bivens</u> remedy would be lost" if the Court "were to imply a damages action directly against federal agencies"). As such, no cause of action is available under <u>Bivens</u> against individual federal employees sued in their official capacities. <u>Ibrahim v. Dept. of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008). In any amended complaint, Plaintiff should clarify whether he is suing defendants in their individual or official capacities.

**C.  Plaintiff Cannot State A Bivens Claim Against The Warden Or Medical Director Under A Theory Of Supervisory Liability**

Plaintiff alleges that both the Medical Director and Warden were liable for his injuries solely because they are responsible for any acts committed by their subordinates. (<u>Id.</u> at 4-6). However, in a civil rights action, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." <u>Starr v. Baca</u>, 652 F.3d 1202, 1220 (9th Cir. 2011).[5] Even with respect to supervisors, "[a] plaintiff must

---

[5] Actions under 42 U.S.C. § 1983 and those under <u>Bivens</u> are identical except for the replacement of a state actor under

plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (italics omitted).

To state a claim under Bivens against supervisors such as the Warden or the Medical Director, Plaintiff must allege facts showing that the Defendant either personally participated in the violation or committed some specific act as a supervisor that directly led to the constitutional violation. Plaintiff alleges generally that "the facility FPC Lompoc, or Lompoc Medical Facility" violated his rights by refusing him medical treatment. Plaintiff alleges wrongdoing by "medical department staff" or "the administration," but does not specifically allege that the Warden or Medical Director personally participated in the harms he suffered, or show how what they did or did not do as a supervisor directly led to those harms. (Complaint at 4-6). Plaintiff must correct these defects in any amended complaint.

**D.  Plaintiff Fails To State A Civil Rights Claim Against Defendant Payne**

It is unclear exactly which claim or claims Plaintiff is alleging against Payne, if any. However, to the extent that

---

Section 1983 with a federal actor under Bivens. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991); see also Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1342 (1997). Accordingly, the Court will cite to Section 1983 cases as well as cases directly brought under Bivens.

8

Plaintiff is attempting to assert a civil rights claim against this Defendant, who does not appear to be a federal employee or official, the Complaint fails to state a claim.

To state a claim under Bivens, a plaintiff must allege that a person acting under color of federal law deprived him of a right secured by the federal constitution or statutory law. Bivens, 403 U.S. at 392. The Ninth Circuit has identified four circumstances under which a private person may be said to be acting under color of state or federal law. Under the "public function" test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003) (quoting Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir. 2002)). Under the joint action test, a court will consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity" and "knowingly accepts the benefits derived from unconstitutional behavior." Kirtley, 326 F.3d at 1093 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995)). Under the "governmental coercion or compulsion" test, the court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." Kirtley, 326 F.3d at 1094 (quoting Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 836-37 (9th Cir. 1999)). Finally, under

the "government nexus" test, the court asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Kirtley, 326 F.3d at 1095 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001)). None of these exceptions appear to apply here. Accordingly, Plaintiff has failed to state a claim against Defendant Payne.

### E. Plaintiff Fails To State A Claim Under The FTCA

"The FTCA authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)). As a limited waiver of sovereign immunity, the FTCA is strictly construed and all ambiguities are resolved in favor of the sovereign. See United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992).

A suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a); Tritz v. U.S. Postal Service, 721 F.3d 1133, 1140 (2013) ("[F]ederal district courts have jurisdiction to hear a plaintiff's tort

claim under the FTCA only after the plaintiff has exhausted the claim by submitting it to the appropriate federal agency first."). The claim presentation requirement is a jurisdictional prerequisite to bringing suit under the FTCA and must be affirmatively alleged in the complaint. Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980); Tritz, 721 F.3d at 1140.

Here, Plaintiff may be attempting to assert an FTCA claim because he includes with the Complaint a copy of a letter from the Federal Bureau of Prisons dated March 9, 2016, which acknowledges the agency's receipt of a claim pursuant to the FTCA. (Complaint at 9.) However, Plaintiff does not comply fully with the requirements for bringing a tort claim under the FTCA. Plaintiff does not specifically name the United States as a defendant, even though the United States is the only proper defendant under the FTCA. Jachetta, 653 F.3d at 904; Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995). Plaintiff also does not affirmatively allege in the body of the Complaint that he filed a claim, or state that the claim was denied or that he received no response. (See Complaint at 6). As noted above, Plaintiff does not even clearly state that he is asserting an FTCA claim. Accordingly, the Complaint must be dismissed with leave to amend.

**G.     Plaintiff Fails To State A Claim For Alleged Violations Of "Records" And "Insurance" Laws**

Plaintiff vaguely alleges that prison officials violated "records laws" and "insurance and medical insurance law." (Id.). Plaintiff claims that prison officials falsified prison records regarding the alleged attack by Payne against Plaintiff. (Id.). In addition, Plaintiff contends that the prison officials' "failures to report claims to insurers and failures to disclose insurers result[ed] in no timely logging, tracking and investigation of the claim." (Id.).

As discussed above, under Bivens, a plaintiff may bring an action where his "federally protected rights have been invaded." 403 U.S. at 392. Plaintiff does not allege violations of his federal constitutional rights with respect to these unidentified "records" and "medical insurance" laws. Moreover, to the extent that Plaintiff is alleging violations of federal statutory rights, it is unclear what federal statutes he believes may have been violated. Additionally, Plaintiff does not even attempt to explain how these purported violations of "records and insurance laws" harmed him personally. Accordingly, the Complaint must be dismissed with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the title "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and **specifically identify the Defendants** he maintains

13

are liable for that claim.  Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED:  November 16, 2016

                                                    /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**