**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR CURRY, | Case No. CV 16-7523 AB (SS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| | **DISMISSING FIRST AMENDED** |
| FPC LOMPOC MED DIRECTOR, et al., | **COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | |

**I.**

**INTRODUCTION**

On October 4, 2016, Victor Curry ("Plaintiff"), a federal prisoner proceeding pro se, filed a complaint alleging violations under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. ("Complaint," Dkt. No. 3). The Court dismissed the Complaint with leave to amend due to defects in pleading.[1] (Dkt. No. 9).

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff subsequently filed the instant First Amended Complaint. ("FAC," Dkt. No. 19).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the FAC is DISMISSED with leave to amend.

## II.

### ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff sues five unnamed employees and one prisoner at the "Federal Prison Camp" in Lompoc, California: (1) "John Doe/Jane Doe," the prison's medical director ("Medical Director"); (2) "Richard Roe," the warden ("Warden"); (3) "Bobby Do[e]," the acting warden in the warden's absence ("Acting Warden"); (4) "Jimmy Doe," the correctional officer in charge of the prison's special housing unit ("SHU Lieutenant"); (5) "Perry Doe," a prison disciplinary hearing officer ("Hearing Officer"); and (6) Kenyon Payne ("Payne"), a fellow prisoner whom Plaintiff maintains is also a "contract employee" of the Federal Bureau of Prisons ("BOP").

(FAC at 3-4). All six Defendants are sued in both their individual and official capacities, "together with insurers by this 3rd party beneficiary." (Id.).

The FAC[2] alleges that on an unspecified date at FPC Lompoc, Payne attacked and beat Plaintiff until he lost consciousness and "for some time" thereafter. (Id. at 5). No staff member intervened to stop the attack, which did not end until "Payne tired on his own." (Id. at 8). Plaintiff suffered "profuse" internal and external bleeding and a broken jaw; permanently lost sight in one eye and hearing in one ear; and to this day urinates blood and endures "pain of body and mind that will not abate," including migraine headaches that last "indefinitely." (Id. at 5).

Plaintiff was rushed to the hospital, where doctors recommended that he remain overnight and return soon after for "after-care" consultations. (Id.). However, an unidentified duty officer returned Plaintiff to the SHU that very night. (Id.).

The SHU Lieutenant kept Plaintiff in the SHU instead of returning him to the general population, even though he was the

---

[2] The FAC attaches among its many exhibits a photocopy of the original Complaint, which Plaintiff captions as the "Amended Complaint Continued." (FAC at 11-18). Because the Court has already dismissed the original Complaint as defective, the Court will not address the "Amended Complaint Continued." Plaintiff should not attempt to incorporate dismissed versions of his claims by attaching copies of prior complaints as "continuations" of the allegations in subsequent pleadings. The Court will cite to the other exhibits where necessary as though the FAC and its attachments were consecutively paginated.

victim of the attack. Plaintiff did not receive the medical treatment recommended by the hospital doctors and was not taken back to the hospital for follow-up care. (Id.). The prison SHU and medical staff "did not take [Plaintiff's] injuries seriously" and "ignored his pleas for help." (Id.). On one occasion, SHU "detail officers" attempted to place Plaintiff "in a locked Recreation cage with PAYNE" and encouraged them to fight. (Id.).

While in the SHU, Plaintiff was "processed for misconduct" in a disciplinary proceeding in connection with the incident. (Id.). The Hearing Officer concluded, based on "false reports," that Plaintiff had participated in a "mutual fight" and "ratified" the loss of good time credits and "sanctions" against Plaintiff. (Id. at 6). Plaintiff spoke to the Warden and an administrator about the decision, and but they both "shrugged it off." (Id.).

Plaintiff was then transferred to his current prison in Ohio. (Id.). FPC Lompoc Medical staff "violated every rule in the book" by allowing him to be transferred in his injured condition without following the hospital's "recommendation for after-care, operations, medical review and analysis." (Id.). FPC Lompoc Medical staff also prescribed NSAIDs (non-steroidal anti-inflammatory drugs) even though Plaintiff had suffered "obvious kidney damage." (Id.).

Plaintiff states that he filed claims, including a tort claim, related to the incident, "knowing full well that all [Defendants]

were insured."[3]  (Id.).  However, to "evade claims reporting requirements," Defendants conspired to falsely characterize the attack "in their books" as a mutual fight in violation of their "medical professional ethics" and "corrections professional ethics," and ignored his plea for compensation. (Id.).

Although the FAC purports to be a Bivens action, the Request for Relief does not clearly include any Bivens claims at all. Instead, Plaintiff states that he is seeking damages for "discriminatory business practices," "personal injury," "supervisory negligence and contract breach," "medical malpractice and negligence," "correctional staff conduct state law violations/human rights breach," and "forgery and falsification of records to conceal wrongdoing" in violation of "business record/accounting laws & claim processing state laws." (Id. at 9). Plaintiff seeks over $5 million in monetary damages, (id.), and an order requiring FPC Lompoc to produce videotapes of the SHU recreation cages for the days when Plaintiff was signed up for recreation. (Id. at 8).

### III.

### DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants

---

[3] The FAC attaches a copy of the tort claim Plaintiff submitted to the BOP along with a letter from the government acknowledging its receipt. (FAC at 48-54).

in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment.  See <u>Lopez</u>, 203 F.3d at 1128-29. Accordingly, the Court grants leave to amend.

## A.   The Complaint Fails To Satisfy Federal Rule Of Civil Procedure 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct."

The FAC does not comply with the standards of Rule 8. Plaintiff once again fails to clearly specify the particular claims he wishes to pursue, the facts supporting each individual claim, and the specific Defendants who are allegedly liable under each particular claim.  Many purported "claims," such as the claims for "discriminatory business practices" and "contract breach," are mentioned only in the Request for Relief and seemingly have no connection to the wrongs alleged in the body of the FAC.  The FAC alleges no facts showing discrimination.  Furthermore, not only does Plaintiff fail to identify the contract he believes was breached, but more importantly, breach of contract is not a constitutional claim and generally is not actionable under the

FTCA. <u>See</u> <u>Love v. United States</u>, 915 F.2d 1242, 1246 (9th Cir. 1989) (actions "essentially for breach of a contractual undertaking" where liability "depends wholly upon the government's alleged promise" may not be brought under the FTCA). Still other "claims," such as "correctional staff conduct <u>state law</u> violations/human rights breach," or violations of "business record/accounting laws & claim processing <u>state laws</u>" by definition do not state a violation of the <u>federal</u> constitution. Finally, the repeated, vague references to insurers, insurance laws and third party beneficiaries are simply nonsensical.

The FAC also violates Rule 8 to the extent that it attaches many exhibits which appear unnecessary to Plaintiff's allegations. Plaintiff is advised that he is not required at this stage of the litigation to submit evidence in support of the claims. For example, Plaintiff improperly attaches a declaration captioned as a "Statement of Injury and Loss of Victor Curry Regarding Event of Civil Rights Violations and Negligence Attributable to LOMPOC Jail Hospital/Med Ctr." (<u>Id.</u> at 19-22). "Written instruments" such as "declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). A declaration "clearly does not form the basis" of a complaint when, as here, "it is merely a piece of evidentiary matter that does not exist independently of the complaint." <u>DeMarco v. DepoTech Corp.</u>, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (citations omitted)). Moreover, many of the assertions in the declaration are either irrelevant or duplicative of the allegations in the FAC.

The FAC also violates Rule 8 to the extent that it includes unnecessary and irrelevant discussions of law. For example, Plaintiff requests review under the Administrative Procedure Act, 5 U.S.C. § 706, which provides for the scope of judicial review of administrative law claims, which are not at issue here. (FAC at 8). Additionally, the caption erroneously indicates that Plaintiff is bringing this action under 42 U.S.C. § 1983 as well as Bivens. Section 1983 claims must allege a violation of federal constitutional or statutory rights by persons acting under color of state law, and none of the Defendants is employed by the state of California. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

The FAC also improperly seeks as "injunctive relief" an order from the Court requiring the BOP to provide surveillance tapes to Plaintiff. Requests for production of documents and tangible things are governed by Federal Rule of Civil Procedure 34 as part of discovery, generally without the intervention of the Court. The FAC fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the FAC must be dismissed, with leave to amend.

**B.    The FAC's Official Capacity Claims Are Improper**

A suit for damages against federal employees in their official capacity is functionally a suit against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). However, a civil rights action against a federal defendant under Bivens may be

brought only against the offending <u>individual</u> officer, not the United States or its agencies. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001). As such, no cause of action is available under <u>Bivens</u> against individual federal employees sued in their official capacities. <u>Ibrahim v. Dept. of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008).

Furthermore, the United States is the only proper defendant in an action under the FTCA. 28 U.S.C. § 2679(b)(1). While a government official in his official capacity may stand in proxy for the United States, "in suits against either federal officials in their official capacities or the United States pursuant to the FTCA, the United States is the real defendant . . . ." <u>Armstrong v. Sears</u>, 33 F.3d 182, 187 (2d Cir. 1994). To the extent that Plaintiff is in fact attempting to assert a claim under the FTCA, he should name the United States directly as a Defendant. Accordingly, the official capacity claims in the FAC are improper.

**C.** **The FAC Fails To Allege Personal Participation By The Warden, Acting Warden, SHU Lieutenant, Or Medical Director**

The FAC contains few, if any, allegations invovling the Warden, Acting Warden, SHU Lieutenant, or Medical Director. To the extent that the FAC attempts to state a claim against any of these Defendants, their liability appears to be based on the theory that they are responsible for acts committed by their subordinates. (<u>Id.</u> at 4-6). However, there is no supervisory liability under <u>Bivens</u>.

As the Court previously explained, in a civil rights action, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Starr v. Baca, 652 F.3d 1202, 1220 (9th Cir. 2011).[4] "A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (italics omitted). To be held liable, a supervising officer has to personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotation marks and citation omitted; emphasis added). For example, a supervisor may be held liable if he or she "implement[s] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation.'" Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

Accordingly, to state a Bivens claim against supervisors such as the Warden, Acting Warden, the SHU Lieutenant or the Medical Director, Plaintiff must allege facts showing that the Defendant either personally participated in the violation or committed some specific act as a supervisor with a direct causal connection to the

_____

[4] Actions under 42 U.S.C. § 1983 and Bivens are identical except for the replacement of a state actor under Section 1983 with a federal actor under Bivens, and may be cited interchangeably. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

constitutional violation committed by subordinates. The primary allegations against the Warden are that he is the "CEO" of the prison, (FAC at 5), and that even though Plaintiff told him about the unfair results of the disciplinary proceeding, the Warden did nothing to "nullify or reverse" the Hearing Officer's decision resulting in the loss of Plaintiff's good time credits.[5] (Id. at 6). The only allegation against the Acting Warden is the vague assertion, unsupported by any facts, that he "had personal knowledge that the treatment prescribed for [Plaintiff] by [hospital doctors] was not being followed and did nothing." (Id. at 4). The only specific allegation against the SHU Lieutenant is that he kept Plaintiff in the SHU after his return from the hospital. (Id. at 5). Similarly, Plaintiff does not allege any facts showing what the Medical Director personally did that caused him harm, or even suggesting that the Medical Director was aware of Plaintiff's medical condition. Plaintiff must show that these Defendants personally participated in the harms he suffered, or show how what they did or did not do as a supervisor directly led to those harms. Vague allegations that these Defendants, by virtue of their positions, had the power to right the wrongs committed by their subordinates are insufficient to state a claim. Plaintiff must correct these defects in any amended complaint.

\\

\\

\\

---

[5] As explained in Part E immediately below, the Hearing Officer's decision to revoke good time credits is not actionable. Accordingly, the Warden's failure to reverse the Hearing Officer's decision is also not actionable.

**D.   The FAC Fails To State A Claim Against The Hearing Officer**

Plaintiff alleges that the Hearing Officer, relying on information in "false reports," "ratified" the loss of Plaintiff's good time credits.  A challenge to the loss of good time credits is not a cognizable civil rights claim unless the decision revoking the credits has been invalidated.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a prisoner-plaintiff's civil rights complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id. at 486-87.  In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to civil rights claims that, if successful, would imply the invalidity of deprivations of good-time credits in prison disciplinary proceedings.  Id. at 643-47; see also Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997) (affirming dismissal without prejudice of prisoner plaintiff's "claims arising from his challenge to the prison's disciplinary proceeding, because they could fairly be construed as a challenge for loss of good time credit").  Accordingly, the FAC must be dismissed, with leave to amend.

**E.   Plaintiff Fails To State A Civil Rights Claim Against Payne**

It is unclear exactly what claim or claims Plaintiff may be attempting to allege against Payne.  As the Court previously explained, to state a claim under Bivens, a plaintiff must allege

that a person <u>acting under color of federal law</u> deprived him of a right secured by the federal constitution or statutory law. <u>Bivens</u>, 403 U.S. at 392. As discussed in depth in the Court's Order dismissing the original Complaint with leave to amend, a private actor may be deemed to be acting under color of law only in very specific circumstances not present here. <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1093-95 (9th Cir. 2003) (describing "public function," "joint action," "governmental coercion or compulsion" and "government nexus" tests pursuant to which actions by a private actor may be attributed to the government for purposes of a civil rights claim).

Plaintiff now contends that Payne was a "contract employee of [the] BOP." (FAC at 3). However, the FAC does not state what Payne's purported employment was or allege that Payne was acting in the course of his employment when he attacked Plaintiff. Even if it had, courts have routinely found that prisoners who harm other prisoners do not act under color of state or federal law. <u>See, e.g.</u>, <u>Jackson v. Foster</u>, 372 F. App'x 770, 771 (9th Cir. 2010) ("The district court properly dismissed [prisoner-plaintiff's] excessive force claim because inmate Doakes did not act under color of state law under any formulation of the governmental actor tests."); <u>Bolton v. Washington</u>, 2013 WL 1163938, at *6 (W.D. Wash. Feb. 15, 2013) (a prisoner is not a government "employee" acting under color of law). Accordingly, to the extent that Plaintiff is attempting to sue Payne personally for civil rights violations, the

FAC must be dismissed, with leave to amend.[6]  Plaintiff may not assert any claim against Payne unless he has a proper factual and legal basis.

## F.   The FAC Fails To State A Claim For Deliberate Indifference To Serious Medical Needs

To state an Eighth Amendment claim based on a prisoner's medical treatment, the prisoner must demonstrate that the defendant was "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also West v. Atkins, 487 U.S. 42, 49 (1988).  To establish a "serious medical need," the prisoner must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett, 439 F.3d at 1096 (citation omitted); see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (the existence of a serious medical need is determined by an objective standard).

To establish "deliberate indifference" to such a need, the prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  (Id.) (emphasis added).  Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown

---

[6] Even if Plaintiff could assert a Bivens claim against Payne in his individual capacity, which he cannot, prevailing on such a claim would have no practical benefit if Payne is indigent because Plaintiff would be unable to collect damages.

14

by the way in which prison physicians provide medical care." (Id.) (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825 (1994). An "isolated exception" to the defendant's "overall treatment" of the prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096.

The FAC fails to state a deliberate indifference claim against any of the Defendants. The FAC does not adequately allege facts showing that the Medical Director personally knew about Plaintiff's serious medical need and deliberately chose to ignore it, either by seriously delaying or denying care, thereby putting Plaintiff at risk of injury. Accordingly, the FAC must be dismissed, with leave to amend.

**G.    The FAC Fails To State A Claim Under The FTCA**

To state a claim against the United States under the FTCA, Plaintiff must show, among other things, that the person who committed the tort was a "federal employee[] acting within the scope of [his] employment." Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 908 (9th Cir. 2003) (citing 28 U.S.C. §§ 1346(b)(1), 2674). Because it does not appear that Payne was a federal employee, no FTCA action can be brought based on wrongs that Payne allegedly committed. Therefore, to the extent that the FAC seeks damages for personal injury caused by Payne, the FAC fails to state an FTCA claim.

The FAC also fails to state an FTCA claim based on the actions of the other Defendants, even though they are federal employees. The FAC does not specifically name the United States as a defendant, even though the United States is the only proper defendant under the FTCA. <u>Jachetta</u>, 653 F.3d at 904. Plaintiff does not even clearly state that he is asserting an FTCA claim. Nor does he identify which specific torts he is alleging, what the wrongful conduct was, and who committed the wrongful, tortious act. Accordingly, the FAC must be dismissed, with leave to amend.

**H.** **The FAC Fails To State A Claim For Alleged Violations Of "Records" And "Insurance" Laws Or Against Unnamed "Insurers"**

Plaintiff continues to allege that prison officials violated "express and implied insurance law" and committed "records violations." (FAC at 5). The FAC states that "to evade claims reporting requirements," Defendants ignored "his pleas for compensation for permanent injury," even though "they have occurrence term or claims-made term Commercial Liability Coverage and property/premises insurance as well as bonding and coverage on all individuals and offices involved." (<u>Id.</u> at 6). In the prayer for relief, Plaintiff states that "ALL DAMAGES are sought against insurances [sic] by this 3rd party beneficiary AFTER LIABILITY IS FOUND . . . ." (<u>Id.</u> at 8).

As discussed above, under <u>Bivens</u>, a plaintiff may bring an action only where his "federally protected rights have been invaded." <u>Bivens</u>, 403 U.S. at 392. Plaintiff does not allege

violations of his federal constitutional or statutory rights with respect to these unidentified "express and implied insurance" laws and "records violations." Even if he could, which he cannot, Plaintiff does not attempt to explain how these purported violations of "records and insurance laws" harmed him personally.

Finally, Plaintiff's repeated assertions that Defendants are sued "together with insurers by this 3rd party beneficiary" are both unclear and improper. (FAC at 3-4). No insurers are named in this action, and even if they were, they are likely not government actors subject to suit under <u>Bivens</u> or, through the United States, the FTCA. Additionally, Plaintiff is not a "third party beneficiary" of the unidentified policies he that he imagines exist. "For a party to sue as a third party beneficiary, the third party must show the contract was specifically intended to be for that party's <u>direct</u> benefit." <u>Klamath Water Users Ass'n v. Patterson</u>, 15 F. Supp. 2d 990, 994 (D. Or. 1998) (emphasis added). Plaintiff does not, and apparently cannot, allege that the parties entered into some unidentified contract with the specific intention of benefitting him personally. Accordingly, the FAC must be dismissed, with leave to amend.

## I. The FAC Fails To State Claims Under 18 U.S.C. §§ 241, 242, 4041, Or 4042 Or The Ninth Amendment

Plaintiff alleges that Defendants violated 18 U.S.C. § 241, which prohibits conspiracies to deprive an individual of his or her federal constitutional or statutory rights, and § 242, which

prohibits the deprivation of rights under the color of law on account of a person's race, color, or alienage. (FAC at 4). Both sections 241 and 242 are criminal statutes that do not provide for a private right of action. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (neither 18 U.S.C. § 241 nor § 242 provides a private right of action). Accordingly, Plaintiff cannot assert claims under these statutes.

The FAC also states that Defendants "jointly and severally" breached 18 U.S.C. §§ 4041 and 4042. (FAC at 4). Those statutes respectively provide that the BOP shall be run by a director serving directly under the Attorney General (§ 4041), and list the responsibilities of the BOP (§ 4042). Section 4041 is not relevant to this action because apart from any other deficiencies such a claim might have, there is no dispute that the BOP has a director. Furthermore, courts have repeatedly found that "section 4042 does not create a private right of action against federal officials" in civil rights actions. Harper v. Williford, 96 F.3d 1526, 1527 (D.C. Cir. 1996); see also Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969) ("[§ 4042] does not impose a duty on any officials who may be responsible to the Bureau of Prisons, and does not establish a civil cause of action against anyone in the event the Bureau's duty is breached."); Martinez v. United States, 812 F. Supp. 2d 1052, 1061 (C.D. Cal. 2010) (same) (citing Williams). Accordingly, Plaintiff cannot state a claim under these statutes.

The FAC further alleges that Plaintiff's "unenumerated common law jural rights embodied at [the] 9th amendment were taken absent

18

due process of the law." (FAC at 5). While these allegations are unclear, to the extent that Plaintiff is attempting to state a claim directly under the Ninth Amendment, the FAC fails to state a claim. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. However, "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986); see also Jenkins v. C.I.R., 483 F.3d 90, 93 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights . . . ."). To the extent that Plaintiff is attempting to raise a due process claim, he does not identify the "jural rights" of which he was allegedly deprived or who deprived him of those rights, or explain what process he was due. Accordingly, the FAC must be dismissed, with leave to amend.

## IV.

### CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint**. The Second Amended Complaint, if any,

19

shall be complete in itself and shall bear both the title "Second Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to the original Complaint.  Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize <u>the standard civil rights complaint form when filing any amended complaint, a copy of which is attached</u>.**  In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and **specifically identify the Defendants** he maintains are liable for that claim. Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure</u>**

**41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED:  April 26, 2017

                                    /S/
                          SUZANNE H. SEGAL
                          UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**